```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

DANIEL J. A. WEBB,              :
                                :
      Plaintiff,                :
                                :            PRISONER
V.                              :    CASE NO. 3:13-cv-144(RNC)
                                :
WARDEN EDUARDO MALDONALDO,      :
et al.,                         :
                                :
      Defendants.               :
```

<u>RULING AND ORDER</u>

Plaintiff Daniel Webb, a death row inmate at Northern Correctional Institution, brings this action <u>pro se</u> pursuant to 42 U.S.C. § 1983 against personnel of the Connecticut Department of Correction ("DOC").  Named as defendants are Warden Eduardo Maldonaldo, District Administrator Angel Quiros, Lieutenants Pensavaly, Bujnicki and Doe, Correctional Officers Mumin, Brace, Krob, McGoldrick and Castinguay, Counselor Tourangeau, Counselor Supervisor Cassandra Davis and Correctional Health Nurse Doe. Because the complaint fails to comply with the requirements of Rules 8 and 20 of the Federal Rules of Civil Procedure, it is dismissed with leave to amend.

Under 28 U.S.C. § 1915A, a district court is required to screen a prisoner's complaint against governmental entities, officers or employees and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  In reviewing a <u>pro se</u> complaint, a court must assume the truth of the factual allegations and

interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In this case, the screening required by the statute is inordinately burdensome because the complaint fails to comply with Rule 8's pleading requirements. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Id. 8(d)(1). The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]" Ricciuti v. New York City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted). The plaintiff's statement of

his claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)); see also Infanti v. Scharpf, 06 CV 6552 (ILG), 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008) ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." (citation and quotation omitted)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, see Fed. R. Civ. P. 12(f), or to dismiss the complaint." Salahuddin, 861 F.2d at 42. In Salahuddin, a case brought by a prisoner under § 1983, the Court of Appeals had "no doubt" that the pro se complaint failed to comply with Rule 8. Id. at 43. The complaint "span[ned] 15 single-spaced pages and contain[ed] explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights," along with a "surfeit of detail." Id. The Court of Appeals concluded that the district court had discretion to dismiss the complaint

3

for noncompliance with Rule 8 and that the plaintiff should be ordered to file an amended complaint omitting unnecessary detail. Id.; see also Blakely v. Wells, 209 Fed. App'x 18, 20 (2d Cir. 2006) (stating that "[t]he District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a)" because "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain."); Rosa v. Goord, 29 Fed. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of complaint and amended filings that "remained prolix and not susceptible of a responsive pleading").

In this case, the complaint is neither "short and plain," Fed. R. Civ. P. 8(a), nor "simple, concise, and direct," id. 8(d)(1). The complaint "reads more like a novel than a legal document." Sleigh v. Charlex, Inc., No. 03 Civ. 1369(MBM), 2004 WL 2126742, at *8 (S.D.N.Y. Sept. 14, 2004). It spans 44 single-spaced handwritten pages, containing 156 paragraphs, and is supplemented by 132 pages of attached materials. Numerous claims are made against a total of 13 defendants. The allegations encompass a wide range of alleged wrongs, including: (1) verbal harassment and threats; (2) deliberate indifference to serious medical needs; (3) inhumane conditions of confinement; (3) false disciplinary reports; (4) confiscation of property; (5) loss of privileges; and (6) excessive force.

The complaint also fails to comply with the limits on permissive joinder of claims against multiple defendants under Rule 20(a)(2).  Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).  "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims."  Barnhart v. Town of Parma, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).  As the Court of Appeals has observed in the Rule 13 context, whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  Harris v. Steinem, 571 F.2d 119, 123 (2d Cir. 1978).

In this case, the complaint joins in one action claims that are wholly unrelated. For instance, it asserts Eighth Amendment claims of excessive force against some of the defendants, while also asserting a First Amendment claim against other defendants based on a DOC policy prohibiting certain sexually explicit materials. Because these and other claims in the complaint do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2), the complaint exceeds the bounds of permissible joinder under Rule 20(a)(2).

When a prisoner's complaint improperly joins unrelated claims against multiple defendants, the plaintiff may be attempting to circumvent the three strikes and filing fee provisions of the Prison Litigation Reform Act. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that a prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."). Even if that is not the reason for the misjoinder, a court performing the screening required by § 1915A may find it convenient to exercise its authority to sever parties sua sponte as permitted by Rule 21 and direct the plaintiff to proceed

against those parties in separate actions.  <u>See</u> Fed. R. Civ. P. 21.  But when a prisoner's complaint is as lengthy and detailed as the one here, making it subject to dismissal for noncompliance with Rule 8, it makes little sense for a court to attempt to cure the misjoinder of parties on its own.  In the absence of prejudice to the plaintiff's substantive rights, the better course is to require the plaintiff to choose the claims he wishes to bring in the action and drop the remainder.  <u>See</u> <u>Wilson v. Bruce</u>, 400 Fed. App'x 106, 108 (7th Cir. 2010) (declining to disturb dismissal predicated on prisoner's failure to comply with district court's order conditioning his right to proceed on his willingness to drop misjoined claims).

Accordingly, the complaint is hereby dismissed without prejudice.  Plaintiff will be given leave to file an amended complaint that (1) provides a short and concise statement of his claims; and (2) does not attempt to impermissibly join unrelated claims against multiple defendants.  The amended complaint will be due on or before July 26, 2013.

The Clerk will send the plaintiff an amended complaint form with this order.  Plaintiff is cautioned that his amended complaint must comply with the instructions on the form, specifically the instructions on page 5 concerning the requirements for a valid complaint.  If the amended complaint fails to comply with those instructions, the action will be subject to dismissal with prejudice.

So ordered this 26th day of June 2013.


$$\underline{\hspace{4cm} /s/\ RNC \hspace{4cm}}$$
Robert N. Chatigny
United States District Judge